MEYERS LAW GROUP, P.C.
MERLE C. MEYERS, ESQ., CA Bar #66849
KATHY QUON BRYANT, ESQ., CA Bar #213156
MICHELE THOMPSON, ESQ., CA Bar #241676
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515
Email: mmeyers@meyerslawgroup.com
 kquonbryant@meyerslawgroup.com
 mthompson@meyerslawgroup.com

CHAVEZ & GERTLER LLP
MARK A. CHAVEZ, ESQ., CA Bar #90858
NANCE F. BECKER, ESQ., CA Bar #99292
42 Miller Avenue
Mill Valley, CA 94941
Telephone: (415) 381-5599
Facsimile: (415) 381-5572
Email: mark@chavezgertler.com
 nance@chavezgertler.com

Attorneys for Plaintiff and the Proposed Class

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>FOX ORTEGA ENTERPRISES, INC., dba PREMIER CRU,<br><br>Debtor. | Case No. 16-40050-WJL<br><br>Chapter 7 |
| MICHAEL D. PODOLSKY, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>MICHAEL G. KASOLAS, Trustee,<br><br>Defendant. | A.P. No. _____ |

**CLASS ACTION COMPLAINT FOR
DECLARATORY, EQUITABLE AND INJUNCTIVE RELIEF**

Plaintiff MICHAEL D. PODOLSKY ("Plaintiff"), on behalf of himself and all others similarly situated, alleges and complains against defendant MICHAEL G. KASOLAS, as trustee ("Defendant") of the chapter 7 estate of FOX ORTEGA ENTERPRISES, INC., dba PREMIER CRU ("Debtor"), as follows:

## JURISDICTION

1. The Court has jurisdiction over this adversary proceeding pursuant to the provisions of 28 U.S.C. §§ 157(a) and 1334(a).

2. This adversary proceeding is a core proceeding pursuant to the provisions of 28 U.S.C. §§ 157(b)(2)(A), (N) and (O).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

## THE PARTIES

4. Plaintiff is an individual residing in Fairfield, Illinois.

5. Debtor, a California corporation with its principal place of business in Alameda County, California, filed a voluntary petition (the "Petition") for relief under the provisions of chapter 7 of the United States Bankruptcy Code, in the above-captioned Bankruptcy Court, on January 8, 2016 (the "Petition Date").

6. The filing of the Petition initiated the within case (the "Chapter 7 Case") under chapter 7 of the Bankruptcy Code.

7. Defendant is the duly appointed and acting trustee of the chapter 7 estate of the Debtor (the "Estate"), pursuant to the provisions of Sections 701 and 702 of the Bankruptcy Code.

## GENERAL ALLEGATIONS

8. Prior to the Petition Date, Debtor was in the business of buying and selling bottles of wine, and then storing those bottles free of charge, for thousands of customers throughout the United States. Debtor specialized in locating and acquiring fine, rare and hard-to-find wines for wine collectors and connoisseurs.

9. Plaintiff was one of Debtor's customers, and he purchased hundreds of bottles of wine from Debtor over the course of several years.

10. Debtor promised to purchase bottles of wine on Plaintiff's behalf, and to store those

-2-
CLASS ACTION COMPLAINT FOR DECLARATORY, EQUITABLE AND INJUNCTIVE RELIEF
Case: 16-04033    Doc# 1    Filed: 04/27/16    Entered: 04/27/16 16:54:29    Page 2 of 12
30394.DOC.DOC 20131

bottles in Debtor's warehouse free of charge for at least six months until Plaintiff chose to take delivery of those bottles, either at the Debtor's premises or by shipment at Plaintiff's expense.

11. Debtor's representatives and Plaintiff, in all of Plaintiff's transactions with Debtor, understood and agreed that Plaintiff's payments were for the purchase of wine bottles, and that once Plaintiff paid for his bottles and Debtor received those bottles from third parties, Plaintiff owned those bottles outright.

12. Debtor never made any representation or assertion of ownership of Plaintiff's bottles, and always referred to those bottles as Plaintiff's bottles.

13. All of Debtor's customary forms and notifications to customers referred to purchased bottles as being owned by those customers, once placed in Debtor's warehouse. For example:

(a) Debtor's form for acknowledging an online order, attached hereto as **Exhibit "A,"** stated: "Sales are processed in the order they are received. Once we have determined that the wines you requested are available, we will confirm and process your order."

(b) Debtor's form of confirmation of a completed order, attached hereto as **Exhibit "B,"** was called a "Sales Order" and confirmed receipt of payment, even though no shipment was yet ordered.

(c) Debtor's form for notifying customers of arrival of "Pre-Arrival" wines, attached hereto as **Exhibit "C,"** referred to the customers' wines, not Debtor's: "Your wine has arrived" and "Please allow 72 hours for us to gather your wines."

14. Once Plaintiff or any other customer of Debtor purchased a bottle of wine, that customer had no right to cancel his purchase or rescind his transaction, nor did Debtor have a right to reclaim that bottle or to modify its price.

15. Any change in value of the bottle after the customer's purchase accrued to the customer's benefit or loss, not to Debtor's benefit or loss.

16. At all times after Plaintiff or any other customer purchased a bottle of wine and that bottle was placed in Debtor's warehouse, Debtor held that bottle solely as a bailee, subject to the customer's termination of bailment and direction as to delivery or shipment.

17. Plaintiff and other customers of Debtor entrusted the safekeeping of their purchased

bottles of wine to Debtor, which promised to store them in its climate-controlled warehouse until customers wished to either pick them up in person or have the bottles shipped to them.

18. As of the Petition Date, Debtor still held thousands of purchased bottles owned by Plaintiff and other customers. Those purchased bottles were comprised of two categories of bottles:

(a) The first category includes each bottle identified by label and shelf location in Debtor's computer system as corresponding to a specific purchase by a customer, as to which bottle no other customer holds any ownership interest (an "Identified Bottle"); and

(b) The second category includes each bottle identified by label and shelf location in Debtor's computer system as corresponding to a specific purchase by a customer, as to which bottle more than one customer holds an ownership interest by virtue of multiple purchases of the same or similar bottles (an "Oversubscribed Bottle").

19. In addition to Identified Bottles and Oversubscribed Bottles (collectively, the "Purchased Bottles"), Plaintiff and many other customers purchased many other bottles that were no longer in Debtor's warehouse at all as of the Petition Date.

20. On March 29, 2016, the Trustee filed the *Trustee's Motion For Order Authorizing Sale Of Wine Pursuant To Bankruptcy Code Section 363 And To Determine Title To Segregated Wine* (docket no. 235 *et seq*.) (the "Trustee's Motion").

21. In the Trustee's Motion, Trustee asserts that all bottles of wine in the Debtor's warehouse, including all Purchased Bottles, are property of the Estate, and that the Estate owns all legal and beneficial interests in all such bottles.

22. Also in the Trustee's Motion, Trustee seeks authority under Section 363(b) of the Bankruptcy Code to immediately sell about 5,245 of the Identified Bottles (which it refers to as "Segregated Bottles") in the Debtor's warehouse, and states that if the motion is granted, he will seek authority to sell all Purchased Bottles, for the benefit of the Estate, without any recognition or protection of any ownership or equitable interests of the customers who ordered, paid for, and own the Purchased Bottles.

23. Plaintiff has made written demand upon the Trustee to recognize his ownership of Purchased Bottles identified with Plaintiff's purchases, and to turn those bottles over to Plaintiff.

LAW OFFICES
MEYERS LAW GROUP, P.C.
44 MONTGOMERY STREET, SUITE 1010
SAN FRANCISCO, CALIFORNIA 94104

24. Trustee has not responded in writing to those demands. Orally, the Trustee, through his counsel, has stated that Trustee disputes and denies that Plaintiff, or any other former customers of the Debtor, has any legal, equitable or beneficial interest of any kind in any of the Purchased Bottles.

## **CLASS ALLEGATIONS**

25. Plaintiff brings this civil action as a class action pursuant to Federal Rules of Civil Procedure Rule 23(a), (b)(2), and/or (c)(4), as made applicable herein by Rule 7023 of the Federal Rules of Bankruptcy Procedure, on behalf of himself and all others similarly situated as members of the following class:

> All persons who at any time (a) ordered wine from Debtor, (b) paid for their purchase(s), (c) received written notification from Debtor that their order(s) had been filled, and (d) whose wine remains in the custody and control of Defendant and is identifiable as corresponding to such order(s) in Debtor's computer inventory system.

Excluded from the class are the agents, representatives, officers, directors, employees, and trustees of Debtor, as well as their immediate family members.

26. By this civil action, Plaintiff seeks to prosecute all class members' rights to ownership or equity interests in the Purchased Bottles, but not to prosecute any unsecured claims that such members may have or assert against the Debtor, the Estate or related parties.

27. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used in individual actions alleging the same claims.

28. This action has been brought and may be properly maintained on behalf of the proposed Class under Federal Rule of Civil Procedure 23, because the proposed Class satisfies all of the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of the Rule.

### Numerosity and Ascertainability

29. The members of the Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Based on the Trustee's Motion and the

-5-
CLASS ACTION COMPLAINT FOR DECLARATORY, EQUITABLE AND INJUNCTIVE RELIEF
30394.DOC.DOC 20131
Case: 16-04033    Doc# 1    Filed: 04/27/16    Entered: 04/27/16 16:54:29    Page 5 of 12

volume of Purchased Bottles (about 73,564 bottles) at issue, there are hundreds and likely thousands of Class members. The Class members reside throughout the State of California as well as in other States and in foreign countries. The identity of each Class member is readily ascertainable from the Debtor's records and, on information and belief, the names and addresses of the Class members are already known to Defendant because a Notice of Bankruptcy has been mailed to each of them. Information about each Class member's wine order(s) is also readily determinable from Debtor's business records.

### Typicality

30. The claims of the representative Plaintiff are typical of the claims of the other Class members. Plaintiff, like all Class members, ordered wine from the Debtor, paid for the wine, was sent written confirmation that the Order had been fulfilled, but has yet to receive the Purchased Bottles. The representative Plaintiff, like all Class members, has been damaged by Debtor's misconduct in that all have lost the amounts they paid for their wine. Further, the representative Plaintiff, like all Class members, will suffer additional monetary harm as well as the loss of the hard-to-replace, if not unique, wine they purchased because Defendant has proposed to sell all of the Purchased Bottles to satisfy other debts of the Estate.

### Adequate Representation

31. Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of all Class members. Plaintiff has retained counsel with substantial experience in bankruptcy litigation and consumer class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action and have the resources to do so. Plaintiff has no interests that conflict with or are adverse to those of the other Class members with respect to the subject matter of this civil action.

### Predominance of Common Questions

32. There are significant questions of law and fact common to Plaintiff and Class members that predominate over any questions that may affect individual Class members. The answers to these common questions will advance the adjudication or resolution of this litigation as to all Class members. The common questions include:

(a) whether the Purchased Bottles are the actual and/or constructive property of the customers who ordered them;

(b) whether the Purchased Bottles must be delivered to the Class Members in accordance with the Terms of Sale and may not be sold to third parties (specific performance);

(c) whether, if the Court finds that Defendant does have the legal authority to sell any or all of the Purchased Bottles, the proceeds of such sales should be used solely to satisfy the claims of the customers who ordered, paid for, but have not received Purchased Bottles from Debtor (the Class members), or whether Defendant may use the proceeds of any sale of Purchased Bottles to satisfy the claims of creditors; and

(d) how Oversubscribed Bottles should be distributed and/or sold in order to address competing claims of ownership.

### Superiority

33. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Plaintiff and Class members have all suffered and will continue to suffer the same type of economic harm as a result of Debtor's, and Defendant's, unlawful, improper, and ongoing conduct, which was and is directed at the Class members as a whole and not uniquely against any individual Class members.

34. Defendant's threatened sale uniformly affects Plaintiff and the Class members. Absent a class action, the costs and risks of litigating their claim would for most Class members be prohibitive, and would result in most Class members being denied any relief at all.

35. A class action is also superior from the point of view of Defendant, as it is far more efficient to resolve these matters once, on behalf of all Class members, than in hundreds or thousands of individual adversary proceedings. Such efficient resolution will inure to the benefit of the Estate and all of its creditors, as it will reduce the cost of resolving the claims and thus preserve the resources of the Estate. It will also promote consistency and fairness among the similarly-situated customers by providing common answers to the common questions at issue.

36. Classwide declaratory, equitable and injunctive relief is appropriate under Rule

23(b)(1) and/or (b)(2) because Debtor and Defendant have acted on grounds that apply generally to the Class, and inconsistent adjudications with respect to the parties' rights and liabilities could result in incompatible findings and substantially impair or impede the ability of Class members to protect their interests, and Defendant to administer the estate. Classwide relief and Court supervision under Rule 23 assures fair, consistent and equitable treatment and protection of all Class members, and uniformity and consistency in Defendant's discharge of his duties.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief as to Legal Title)**

37. Plaintiff incorporates in this First Claim For Relief each of the allegations, averments and other statements contained in paragraphs 1 through 36 above, inclusive, as if set forth in full in this paragraph.

38. Each former customer of Debtor for which a Purchased Bottle is identifiable to that customer's purchase, holds legal title to that Purchased Bottle.

39. Plaintiff is informed and believes, and thereon alleges, that Trustee disputes such legal title, and instead asserts that all Purchased Bottles are property of the Estate.

40. A justiciable case and controversy therefore exists as to the extent of the Estate's legal title and ownership interest in the Purchased Bottles, which case and controversy can only be resolved by a determination and declaratory relief of the Bankruptcy Court.

WHEREFORE, Plaintiff is entitled to the relief set forth below.

**SECOND CLAIM FOR RELIEF**
**(Alternative Declaratory Relief as to Beneficial Interest)**

41. Plaintiff incorporates in this Second Claim For Relief each of the allegations, averments and other statements contained in paragraphs 1 through 40 above, inclusive, as if set forth in full in this paragraph.

42. Each former customer of Debtor for which a Purchased Bottle is identifiable to that customer's purchase, holds an equitable ownership interest in that Purchased Bottle, if not legal title. At most, Trustee owns bare legal title, without any beneficial interest, in each such Purchased Bottle.

43. Plaintiff is informed and believes, and thereon alleges, that Trustee disputes such

beneficial interests of former customers, and instead asserts that all Purchased Bottles are property of the Estate, both as to legal title and beneficial ownership interest.

44. A justiciable case and controversy therefore exists as to whether the Estate holds any beneficial ownership interest in the Purchased Bottles, which case and controversy can only be resolved by a determination and declaratory relief of the Bankruptcy Court.

WHEREFORE, Plaintiff is entitled to the relief set forth below.

**THIRD CLAIM FOR RELIEF**
**(Imposition of Resulting Trusts)**

45. Plaintiff incorporates in this Third Claim For Relief each of the allegations, averments and other statements contained in paragraphs 1 through 44 above, inclusive, as if set forth in full in this paragraph.

46. Each transaction between Debtor and its former customers was intended, implicitly or explicitly, by Debtor and the customer to place either beneficial interest or legal title, or both, in the customer, such that the customer would own the bottles for which the customer made payment, immediately upon placement of those bottles in Debtor's warehouse.

47. Each of the Purchased Bottles was acquired by Debtor on behalf of the ordering customer, with consideration paid by that customer.

48. To the extent that Debtor may have taken legal title to the Purchased Bottles, it did so through wrongful and unjust acts.

49. As a result, in order to enforce the presumed intent of the parties, resulting trusts must be imposed by operation of law, wherein the Purchased Bottles are the *res* and the former customers identified with those Purchased Bottles are the beneficiaries.

WHEREFORE, Plaintiff is entitled to the relief set forth below.

**FOURTH CLAIM FOR RELIEF**
**(Imposition of Constructive Trusts)**

50. Plaintiff incorporates in this Fourth Claim For Relief each of the allegations, averments and other statements contained in paragraphs 1 through 49 above, inclusive, as if set forth in full in this paragraph.

51. Debtor's failure to assign legal title to the Purchased Bottles to the former customers identified with those bottles constituted fraud or wrongdoing against those customers, and, if allowed to stand, would result in unjust enrichment of the Estate and unfair harm and injustice to such customers.

52. As a result, in order to prevent an unjust impairment of such customers' rights and entitlements, as well as to correct Debtor's fraud and wrongdoing, constructive trusts must be imposed, wherein the Purchased Bottles are the *res* and the former customers identified with those Purchased Bottles are the beneficiaries.

WHEREFORE, Plaintiff is entitled to the relief set forth below.

## FIFTH CLAIM FOR RELIEF
**(Injunctive Relief)**

53. Plaintiff incorporates in this Fifth Claim For Relief each of the allegations, averments and other statements contained in paragraphs 1 through 52 above, inclusive, as if set forth in full in this paragraph.

54. Injunctive relief against Trustee is sought herein, pursuant to Rule 65 of the Federal Rules of Civil Procedure, as incorporated by Rule 7065 of the Federal Rules of Bankruptcy Procedure, in order to prevent Trustee from selling the Purchased Bottles, and from disposing of such bottles in any other manner other than delivery to former customers identified with those bottles.

55. Allowing Trustee to sell the Purchased Bottles would result in irreparable harm to the Plaintiff and all other former customers identified with those bottles.

56. Legal remedies are inadequate in that they will not, and cannot, adequately reimburse Plaintiff and other former customers for the resulting loss of the Purchased Bottles, which are unique items.

57. Plaintiff is likely to succeed against Trustee on the merits of the claims set forth in this Complaint.

58. Plaintiff's likelihood of success on the merits of its claims set forth herein, combined with the irreparable harm that will result if Trustee is permitted to sell the Purchased Bottles, requires injunctive relief.

WHEREFORE, Plaintiff is entitled to the relief set forth below.

## PRAYER FOR RELIEF

**WHEREFORE,** based on the foregoing, Plaintiff prays for the following relief by way of this Complaint:

A. Certifying the Class as set forth above, and appointing Plaintiff as Class representative;

B. On the First Claim for Relief, declaratory relief determining that each former customer of Debtor holds legal title to each Purchased Bottle to which that customer's order is identified (with Oversubscribed Bottles or the proceeds thereof apportioned among identified customers proportionately), and that none of the Purchased Bottles are property of the Estate.

C. On the Second Claim for Relief, declaratory relief determining that each former customer of Debtor holds a beneficial ownership interest in each Purchased Bottle to which that customer's order is identified (with Oversubscribed Bottles or the proceeds thereof apportioned among identified customers proportionately), and that the Estate holds, at most, bare legal title to those Purchased Bottles.

D. On the Third Claim for Relief, the recognition and imposition of resulting trusts, wherein the Purchased Bottles are the *res* and the former customers identified with those Purchased Bottles are the beneficiaries (with Oversubscribed Bottles or the proceeds thereof apportioned among identified customers proportionately).

E. On the Fourth Claim for Relief, the recognition and imposition of constructive trusts, wherein the Purchased Bottles are the *res* and the former customers identified with those Purchased Bottles are the beneficiaries (with Oversubscribed Bottles or the proceeds thereof apportioned among identified customers proportionately).

F. On the Fifth Claim for Relief, injunctive relief prohibiting Trustee from selling the Purchased Bottles, and from disposing of such bottles in any other manner other than delivery to former customers identified with those bottles (with Oversubscribed Bottles or the proceeds thereof apportioned among identified customers proportionately).

G. On each Claim for Relief, judgment in favor of Plaintiff and against Trustee for all

recoverable costs incurred by Plaintiff in this adversary proceeding.

H. On each Claim for Relief, such other and further relief as the Court may determine to be just and equitable in the circumstances.

DATED: April 27, 2016

                              MEYERS LAW GROUP, P.C.

                              By:    /s/ Merle C. Meyers
                                    Merle C. Meyers, Esq.
                                    Attorneys for Plaintiff and the Proposed Class

                            CHAVEZ & GERTLER LLP

                              By:    /s/ Mark A. Chavez
                                    Mark A. Chavez, Esq.
                                    Attorneys for Plaintiff and the Proposed Class